IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>Plaintiff,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT ASPLUNDH TREE EXPERT CO.'S MOTION TO TAKE SECOND DEPOSITION OF MINOR PLAINTIFF J.S.M.**<br><br>Case No.  1:14-cv-40-TS-EJF<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Evelyn J. Furse |

The Court has reviewed Defendant Asplundh Tree Expert Co.'s Motion to Take Second Deposition of Minor Plaintiff J.S.M. (ECF No. 43), the Opposition, and the oral argument.  The Court finds good cause does not exist for the second deposition of J.S.M. within six weeks of trial.  The accident occurred when J.S.M. was two years old; Asplundh deposed him on February 19, 2015 when he was eight years old; trial will not commence until J.S.M. is ten years old.  Asplundh seeks to take the deposition to assess the witness closer to trial given the changes that occur in a child between eight and ten years old and to see if his testimony has changed.

The Court has considered the requirements of Fed R. Civ. P. Rule 26(b)(2)(C) and finds the discovery request unreasonably cumulative and duplicative given the circumstances of this case.  No treatment or procedures have occurred since the deposition or will occur prior to trial.  This fact distinguishes this case from *Saleh v. Am. S.S. Co.,* No. 09-cv-14562, 2011 WL 2214134, at *1 (E.D. Mich. June 7, 2011) and *Clark v. Penn Square Mall Ltd. P'ship*, No. CIV-10-29-C, 2013 WL 139778 (W.D. Okla. Jan. 10, 2013).  Moreover, the Court has concerns that

deposition of a child of J.S.M's age that close to trial will cause more detriment to the child's willingness to testify at trial than it will benefit Asplundh in obtaining additional evidence. The Court finds that J.S.M.'s duty to update discovery under Rule 26(e) will adequately protect Asplundh from changes in testimony.

The Court ORDERS J.S.M.'s counsel to go over all of J.S.M's deposition testimony with J.S.M. six to eight weeks prior to trial and report any changes in testimony to Asplundh six weeks prior to trial. Furthermore, the District Court will allow cross-examination of J.S.M. by Asplundh to occur the day following his testimony on direct. This time separation between direct and cross-examination will allow Asplundh time to modify its cross-examination to account for any changes in maturity and demeanor since J.S.M.'s first deposition.

Accordingly, the Court DENIES Asplundh's Motion.

DATED this 1st day of September, 2016.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge