IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PRECLUDE PLAINTIFFS' COUNSEL AT TRIAL FROM INQUIRING INTO DR. CAROL ANDERSON'S EXPERT OPINIONS IN UNRELATED LITIGATION<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Preclude Plaintiffs' Counsel at Trial from Inquiring into Dr. Carol Anderson's Expert Opinions in Unrelated Litigation. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

Defendant retained Dr. Carol Anderson to conduct a full neuropsychological evaluation of Plaintiff J.S.M. Dr. Anderson has opined "that there is no clear or compelling evidence to suggest that the electrical accident resulted in brain injury or related deficits in [J.S.M.]'s case."[1] Dr. Anderson concluded that she did "not believe that a neurocognitive disorder [was] appropriate in [J.S.M.]'s case, as I cannot say to a reasonable degree of neuropsychological probability that the 2009 accident caused cognitive deficits or adversely affected his development."[2]

---

[1] Docket No. 73 Ex. 1, at 17.

[2] *Id.* at 18.

During the deposition of Dr. Anderson, Plaintiffs' counsel extensively examined Dr. Anderson on her work in an unrelated case where a family was exposed to carbon monoxide.[3] Dr. Anderson was retained by the family and, after conducting an examination of three children who had been exposed to carbon monoxide, concluded that they had mild neurocognitive disorders. It appears that Plaintiffs' counsel intends to attack Dr. Anderson's credibility by comparing her findings in that case to her findings with respect to J.S.M. Defendant seeks to exclude Dr. Anderson's prior opinions under Federal Rule of Evidence 403.

Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Defendant argues that any probative value of Dr. Anderson's prior opinions are substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time.

Evidence related to Dr. Anderson's credibility is certainly relevant. However, Dr. Anderson's credibility can be impeached without delving into the details of the prior case. Such questioning poses a substantial danger of confusing the issues, misleading the jury, and wasting time. Therefore, the Court will preclude Plaintiffs' counsel from examining Dr. Anderson on her opinions in the prior matter. That being said, the Court will permit counsel to impeach Dr. Anderson based on the source of her payment in this case and others, and will also allow counsel to briefly examine Dr. Anderson concerning whether she has diagnosed brain injuries in individuals with similar or lesser injuries than those suffered by J.S.M. Those areas can be

---

[3] *Id.* Ex. 2, at 120:16–147:24.

pursued generally without the need for either party to resort to an in-depth analysis of Dr. Anderson's prior opinions.  By so ruling, the Court does not intend to limit Plaintiffs' counsel from exploring any other relevant line of inquiry unrelated to Dr. Anderson's opinions in the prior case.

It is therefore

ORDERED that Defendant's Motion to Preclude Plaintiffs' Counsel at Trial from Inquiring into Dr. Carol Anderson's Expert Opinions in Unrelated Litigation (Docket No. 73) is GRANTED IN PART AND DENIED IN PART.

DATED this 20th day of December, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge