IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>                      Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE THE IMPROPER OPINIONS OF PLAINTIFFS' REBUTTAL EXPERT<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Exclude the Improper Opinions of Plaintiffs' Rebuttal Expert. For the reasons discussed below, the Court will deny the Motion.

Plaintiffs and Defendant have each retained experts to opine on the cause of the failure of the tree limb that led to the injuries in this case. Plaintiffs retained Jaak Gilmore. Mr. Gilmore opined, in pertinent part, that Defendant failed to follow industry standards by failing to remove the subject limb or, alternatively, improperly trimmed the subject tree by making a stub cut.

Defendant designated Dr. Daniel Marion. Dr. Marion opined that decay where the branch connected with the trunk, rather than at where the stub cut was made, resulted in the breakage of the limb. Dr. Marion also responded to Mr. Gilmore's opinions. Dr. Marion opined that the stub cut "appears to be an attempt to avoid exacerbating disease or decay."[1] Dr. Marion stated that, had the entire branch been removed, it would have led to a branching pattern that

---

[1] Docket No. 76 Ex. 3, at 17.

would have a "high probability of failure."[2]  He also noted that "the presence of completely

decayed branches at the point of contact with the trunk would have almost ensured the spread of

decay into newly formed branches and trunk area."[3]

Following Dr. Marion's report, Plaintiffs designated Benjamin Harris as a rebuttal expert

to contradict or rebut Dr. Marion's expert report.  Mr. Harris' report contains three opinions.

First, Mr. Harris challenged the opinion of Dr. Marion that "the tissue generating decay entered

base branch epicormic stems sometime prior to the 2005 intentional stub cut."[4]  Defendant

concedes that this is proper rebuttal and does not seek exclusion of this opinion.

Second, Mr. Harris disagreed with Dr. Marion's statement that the arborist who made the

stub cut did so "to avoid contacting an area of stained wood at the base of the branch that may

have been a bacterial infection."[5]  Mr. Harris stated that, not only does such a cut violate ANSI

standards, it was also unjustified.  Mr. Harris explained that "[i]f the discolored area was indeed

a bacterial infection, it only covered a small portion of the circumference of the branch and was

not likely a threat to the health or structural integrity of the tree."[6]

Finally, Mr. Harris addressed Dr. Marion's opinion that, had the branch been removed in

2005, "multiple watersprouts would have still formed along the main stem and resulted in a

branching pattern similar to the one on the broken branch."[7]  Mr. Harris stated that while

multiple watersprouts would likely have formed, "they would not have grown as fast as the

---

[2] *Id.* at 18.

[3] *Id.*

[4] *Id.* at 14.

[5] *Id.* Ex. 5, at 2.

[6] *Id.*

[7] *Id.*

regrowth that occurred on the stub cut."[8]  Mr. Harris explained that "[t]rees produce a growth hormone called auxin in the branch tips that moves down the branch, inhibiting the growth of branches and watersprouts below the tip.  With a stub cut, no auxin is produced for a few seasons and watersprouts that form grow uninhibited and faster than watersprouts that form on a parent branch where the auxin is produced."[9]

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides for the disclosure of expert witnesses that are "intended solely to contradict or rebut evidence on the same subject matter identified by another party."  "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party."[10]  "Testimony offered only as additional support to an argument made in a case in chief, if not offered 'to contradict, impeach or defuse the impact of the evidence offered by an adverse party,' is improper on rebuttal."[11]

Defendant argues that Mr. Harris' second and third opinions merely add support for Mr. Gilmore's opinions and, as such, are improper rebuttal opinions.  The Court disagrees.  Mr. Harris' opinions directly address the opinions expressed in Dr. Marion's report and explain why, according to Mr. Harris, Dr. Marion's conclusions are incorrect.  While there is some overlap between Mr. Harris' opinions and those of Mr. Gilmore, the Court cannot conclude that such overlap warrants the exclusion of Mr. Harris' testimony.  However, the Court will limit his testimony to true rebuttal and will not permit him to merely restate the opinions of Mr. Gilmore.

---

[8] *Id.*

[9] *Id.*

[10] *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (quoting *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001)).

[11] *Id.* (quoting *Grintjes*, 237 F.3d at 879).

It is therefore

ORDERED that Defendant's Motion to Exclude the Improper Opinions of Plaintiffs'

Rebuttal Expert (Docket No. 76) is DENIED.

DATED this 21st day of December, 2016.

BY THE COURT:

Ted Stewart
United States District Judge