IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M., <br><br> Plaintiffs, <br><br> v. <br><br> ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERTS THAT J.S.M. WILL NEED TWENTY ADDITIONAL SURGERIES AND LASER THERAPY IN THE FUTURE <br><br> Case No. 1:14-CV-40 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Exclude the Testimony of Plaintiffs' Experts that J.S.M. will need Twenty Additional Surgeries and Laser Therapy in the Future. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

Plaintiffs have retained Sheryl Wainwright, a registered nurse and certified life care planner, to develop a life care plan for J.S.M. and to estimate the costs of his future needs. That life care plan includes, in pertinent part, $740,669.60 for an additional twenty surgeries and $278,250.00 for laser therapy treatments after those surgeries. Defendant argues that no medical evidence supports these treatments and seeks exclusion of testimony related to them.

II.  DISCUSSION

Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

1

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 imposes a gatekeeper obligation on the Court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[1] The Court must fulfill its gatekeeping duty by making specific findings on the record.[2] "Specifically, the court must first determine whether an expert is qualified by knowledge, skill, experience, training, or education to render an opinion. Second, if the court determines that a witness is qualified, it must then determine whether her opinions are reliable."[3]

A.   TWENTY ADDITIONAL SURGERIES

"It is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate."[4] Defendant contends that there are not sufficient facts to support Ms. Wainwright's life care plan costs associated with J.S.M.'s alleged need for twenty additional surgeries. The Court agrees.

Plaintiffs rely on five pieces of evidence in support of their contention that Ms. Wainwright should be permitted to opine that J.S.M. needs these surgeries: (1) Dr. Emily McLaughlin's opinion that J.S.M. is likely to need additional surgeries; (2) Dr. Judith Gooch's opinion in her report that J.S.M. will require multiple scar revision surgeries; (3) Ms.

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).

[2] *United States v. Yeley-Davis*, 632 F.3d 673, 684 (10th Cir. 2011).

[3] *Id.* (quotation marks omitted).

[4] *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000).

Wainwright's opinion that J.S.M. will require additional surgeries as he grows; (4) information relayed to J.S.M.'s parents concerning the need for additional surgeries; and (5) Dr. W. Bradford Rockwell's testimony that skin graft locations sometimes require multiple scar revision surgeries.  The Court will discuss each piece of evidence in turn.

Dr. McLaughlin, Plaintiffs' plastic surgery expert, has opined that J.S.M. needs five surgeries.[5]  These surgeries are accounted for in Ms. Wainwright's life care plan and are not the subject of this Motion.  Dr. McLaughlin also stated that "[i]t is very likely that any one, or all, of these procedures could suffer perioperative complications or heal improperly and require one or multiple returns to the operating room at an additional expense."[6]  Dr. McLaughlin does not state how many additional surgeries may be needed, only that it is likely that some of the recommended procedures could suffer perioperative complications or heal improperly.  Thus, the twenty additional surgeries contained in Ms. Wainwright's life care plan do not find support in Dr. McLaughlin's report.

Plaintiffs also point to the expert report of Dr. Gooch.  In her report, Dr. Gooch stated that it was expected that J.S.M. will require ten to twenty additional surgeries for scar revisions.[7] She further states that J.S.M. "will require multiple scar revision surgeries as he grows" and that he should "[f]ollow up with the burn surgeons or plastic surgeons for scar management."[8] However, during her deposition, Dr. Gooch made clear that the she did not make the recommendation for additional surgeries and did not have any input into Ms. Wainwright's

---

[5] It is unclear from Dr. McLaughlin's report when these surgeries should be performed.
[6] Docket No. 71 Ex. 6, at 2.
[7] *Id.* Ex. 10, at 3.
[8] *Id.* at 5–6.

3

recommendations concerning scar management.[9] Rather, that information came from J.S.M.'s parents.[10]

Plaintiffs next rely on Ms. Wainwright's past experience working with burn patients. However, Ms. Wainwright is not sufficiently qualified to opine that J.S.M. will need twenty additional surgeries and has not been designated to give such an opinion. Rather, she has been designated to testify that J.S.M. will need additional surgeries "based on the recommendation of Dr. Emily McLaughlin."[11] Further, even if properly qualified and designated, Ms. Wainwright has provided no factual basis to conclude that J.S.M. will require twenty additional surgeries.

Next, Plaintiffs rely on the statement made to J.S.M.'s parents that he will need additional surgeries. However, the source of this information and its content are simply too vague to support the conclusion that J.S.M. will need twenty additional surgeries. No one has identified the doctor who allegedly made this statement and this recommendation is not found in any of the medical evidence.

Finally, Plaintiffs point to the testimony of Defendant's expert who testified that skin graft locations sometimes require multiple scar revision surgeries. However, Dr. Rockwell has recommended just two additional surgeries for J.S.M. The possibility that complications could arise that would require additional surgeries is an insufficient basis to support Ms. Wainwright's testimony that J.S.M will require twenty surgeries. Therefore, the Court will preclude Ms. Wainwright from testifying that J.S.M. will need twenty additional surgeries.

---

[9] *Id.* Ex. 11, at 12:3–19.

[10] *Id.* at 53:25–54:9.

[11] Docket No. 32, at 8.

That being said, there is evidence in the record that J.S.M. might need additional surgeries in addition to those recommended by the competing plastic surgery experts. The need for those surgeries could arise for a variety of reasons. Therefore, the Court will not preclude Ms. Wainwright from stating, based on that evidence presented at trial, that J.S.M. might require additional surgeries. In addition, the Court will permit Ms. Wainwright to testify about the costs associated with these possible future surgeries. But the Court will disallow any reference to a particular number of surgeries outside of those stated by the parties' experts. The jury can then determine what costs, if any, should be awarded for such potential surgeries.

B.   LASER THERAPY

Defendant also seeks to exclude evidence that J.S.M. will require laser therapy in the future. As noted, Ms. Wainwright has included $278,250.00 in her life care plan related to laser therapy treatments. This includes seven sessions of laser therapy treatment after each of the twenty surgeries. Ms. Wainwright claims that this treatment was recommended by Dr. McLaughlin.

Dr. McLaughlin's report stated that laser ablation therapy may be "[a]n option" for treating J.S.M.'s scarring.[12] However, Dr. McLaughlin does not appear to actually recommend J.S.M. receive such treatment. Moreover, given the lack of evidence to support the argument that J.S.M. requires twenty surgeries, there is not a sufficient basis to support Ms. Wainwright's statement that he will require seven laser therapy sessions for each of the twenty surgeries.[13]

---

[12] Docket No. 71 Ex. 6, at 2.

[13] For substantially the same reasons set forth above, the Court concludes that Ms. Wainwright is not sufficiently qualified to opine as to the effectiveness of laser therapy treatment for J.S.M.

Thus, this evidence will be excluded. However, as above, there is some evidence that J.S.M. may benefit from laser therapy treatment. Ms. Wainwright can opine as to the costs associated with that treatment and the jury could award damages related to such treatment, if appropriate and supported by the evidence.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Exclude the Testimony of Plaintiffs' Experts that J.S.M. will need Twenty Additional Surgeries and Laser Therapy in the Future (Docket No. 71) is GRANTED IN PART AND DENIED IN PART.

DATED this 27th day of December, 2016.

BY THE COURT:

Ted Stewart
United States District Judge