IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE NO. 8 TO EXCLUDE UNTIMELY DISCLOSED MAPS DEPICTING TREE TRIMMING ACTIVITIES WITHIN BOUNTIFUL CITY POWER'S AREA FROM 2005 THROUGH THE PRESENT<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine No. 8 to Exclude Untimely Disclosed Maps Depicting Tree Trimming Activities Within Bountiful City Power's Area from 2005 Through the Present. For the reasons discussed below, the Court will deny the Motion.

Defendant has identified as a potential exhibit maps depicting the tree cutting and trimming activities within Bountiful City Power's area from 2005 through the present. Plaintiffs seek to exclude these maps, asserting that they were not timely disclosed.

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires parties to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not

1

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[1]

Plaintiffs argue that Defendant did not produce or disclose the maps at issue until December 6, 2016.  However, Defendant has provided its initial disclosures, dated June 13, 2014, in which Defendant disclosed the existence of "[o]versized maps depicting tree cutting and trimming activities within Bountiful City Power's area from 2005 through present."[2]  Defendant stated that "[i]nspection and/or copies" of the maps would be "provided upon request."[3]  Thus, the question becomes whether Defendant's disclosure was sufficient.

Rule 26(a)(1)(A)(ii) "does not require production of any documents."[4]  Compliance with the rule may be accomplished by providing a description of the document and location.  The other party is "expected to obtain the documents desired by proceeding under Rule 34 or through informal requests."[5]  Here, Defendant provided a clear description of the document.  Though Defendant did not state the location of the maps, Defendant stated that they would be made available for inspection and/or copying upon request.  The Court finds this information sufficient to meet Defendant's disclosure obligations.  Evidently, Plaintiffs never made a request to inspect or copy the maps at issue.  Plaintiffs cannot now be heard to complain that they may be prejudiced by Defendant's use of the maps.  Any prejudice could have easily been avoided by either making an informal request to Defendant or, if necessary, filing a motion under Rule 34.

---

[1] Fed. R. Civ. P. 37(c).

[2] Docket No. 149 Ex. A, at 9.

[3] *Id.*

[4] Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment; *see also Kern River Gas Transmission Co. v. 6.17 Acres of Land*, 156 F. App'x 96, 101 (10th Cir. 2005).

[5] Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment.

It is therefore

ORDERED that Plaintiffs' Motion in Limine No. 8 to Exclude Untimely Disclosed Maps Depicting Tree Trimming Activities Within Bountiful City Power's Area from 2005 Through the Present (Docket No. 137) is DENIED.

DATED this 27th day of January, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge