IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>                            Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>                            Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE NO. 7 TO EXCLUDE UNTIMELY DISCLOSED PHOTOS OF RANDOM SIBERIAN ELMS NEAR NORTHERN UTAH POWER LINES<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine No. 7 to Exclude Untimely Disclosed Photos of Random Siberian Elms Near Northern Utah Power Lines.  For the reasons discussed below, the Court will deny the Motion.

On November 15, 2016, Defendant listed photographs of Siberian elm trees near Utah power lines in its pre-trial disclosures.  Defendant showed Plaintiffs the pictures on December 6, 2016.  Plaintiffs argue that these photographs are untimely and should be excluded under Federal Rule of Civil Procedure 37(c).  Alternatively, Plaintiffs argue that the photographs should be excluded under Federal Rules of Evidence 901, 401, 402, or 403.  Defendants claim that the photographs will be used solely to impeach the expected testimony of one of Plaintiffs' experts.

First, Federal Rule of Civil Procedure 26(a) or (e) does not require disclosure of evidence offered solely for impeachment and the preclusion sanctions in Rule 37(c) do not apply to such evidence.  Therefore, the pictures will not be excluded under Rule 37(c).

1

Second, Rule 901 requires the proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." For example, Defendant may present testimony that the pictures are what they claim to be.[1] Further, Rule 901 allows the Court to consider the "appearance, contents, substance, internal patterns, or other distinctive characteristics" of a document for assurances of its authenticity.[2]

Defendant has not yet produced evidence sufficient to authenticate these photographs, and the Court does not have enough information to consider whether the photographs depict what Defendant claims. Therefore, the admissibility of these photographs will depend on Defendant's ability to introduce sufficient evidence to satisfy Rule 901 at trial.

Third, Federal Rule of Evidence 401 states that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The trimming of a Siberian elm tree is a central issue in this case. Defendant expects Plaintiffs' expert to testify that Defendant should have removed the tree because it was a Siberian elm growing into a power line. Photographs showing other Siberian elm trees growing into power lines tend to impeach this testimony and are therefore probative of Defendant's alleged negligence. The Court further finds that the photographs' probative value is not outweighed by a danger of unfair prejudice.

It is therefore

ORDERED that Plaintiffs' Motion in Limine No. 7 to Exclude Untimely Disclosed Photos of Random Siberian Elms Near Northern Utah Power Lines (Docket No. 129) is

---

[1] Fed. R. Evid. 901 (b)(1).

[2] *Id.* 901(b)(4); *see also Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1171 (10th Cir. 2009).

DENIED. The photographs may be used solely for impeachment and only if sufficient evidence is first introduced to authenticate the photographs under Federal Rule of Evidence 901.

DATED this 27th day of January, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge