IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>               Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS IN LIMINE 1 THROUGH 4<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motions in Limine 1 through 4 (Docket Nos. 123, 124, 125, and 126). For the reasons discussed below, the Court will grant the Motions in part and deny the Motions in part.

## I.  BACKGROUND

Plaintiffs seek to exclude specified testimony of the following witnesses: Allen Johnson, VerNaun Gines, Brent Thomas, and Tyler Parkin.  Each of these witnesses are employees of Bountiful City Light and Power ("BCLP") and are identified as "will call witnesses" in Defendant's pre-trial disclosures. Each of the witnesses also prepared a memorandum related to the incident at issue, which are also included in Defendant's pre-trial disclosures. In each of their memoranda, the witnesses reference statements allegedly made by Lyle Henderson, the owner of the property where the tree that caused the incident at issue was located, and/or Mr. Henderson's tenants. The alleged statements suggest that Mr. Henderson and/or his tenants did not want the subject tree trimmed or removed.

1

Plaintiffs argue that the specified testimony of each of the above-mentioned witnesses should not be admitted because it is not based on personal knowledge in violation of Rule 602 of the Federal Rules of Evidence and because it is hearsay in violation of Rules 801 and 802. The Court will address these arguments as they apply to the disputed testimony of each witness.

## II.  DISCUSSION

Rule 602 of the Federal Rules of Evidence states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." "This standard is not difficult to meet. A court should exclude testimony for lack of personal knowledge 'only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to.'"[1] However, Rule 602 "does not govern the situation of a witness who testifies to a hearsay statement as such, if he has personal knowledge of the making of the statement."[2] Therefore, to the extent the witness' testimony is of an out-of-court statement, and not the underlying facts of the statement, the testimony is admissible if it does not violate the rule against hearsay.

Rule 801(c) defines hearsay as an out-of-court statement offered "in evidence to prove the truth of the matter asserted." A "statement" is defined as "a person's oral assertion, written

---

[1] *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)).

[2] Fed. R. Evid. 602 advisory committee's note to 1972 amendment; *see also Gutierrez de Lopez*, 761 F.3d at 1132 ("If, however, the witness merely has personal knowledge of an out-of-court statement offered to prove the fact asserted in that statement—but not the underlying fact— then his or her testimony must comply with the hearsay rule."); *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1123 (10th Cir. 2005) ("The proper objection would be hearsay, as the documents are out-of-court statements offered for the truth of the matter asserted.").

assertion, or nonverbal conduct, if the person intended it as an assertion."[3] Hearsay is not admissible unless expressly permitted by federal statute, the Federal Rules of Evidence, or "other Rules prescribed by the Supreme Court."[4]

### A.  ALLEN JOHNSON

Plaintiffs reference the following statements contained in Mr. Johnson's memorandum in support of their Motion to limit Mr. Johnson's testimony:

> While listening to Brent [Thomas] talk to Mr. Henderson, I had the impression that this was not their first discussions regarding the removal or trimming of his trees. Brent expressed our concerns for safety and his reluctance to let us either remove or trim the required amount away from the power line in the past.[5]

> In discussing the removal of the trees on July 2, 2009, Brent told me that he had never talked to Mr. Henderson before the evening of June 30, 2009. His understanding that he had not wanted to remove the trees had come from VerNaun and his memory of a past outage.[6]

> I talked to VerNaun about his previous conversations with Mr. Henderson. He remembered the trees, but was not clear on his conversations with Mr. Henderson. He only seemed to remember that they didn't want the undergrowth trimmed and didn't want them removed. He was unclear if it was the owner of the duplex or the tenant that he had talked to.[7]

First, Plaintiffs argue that Mr. Johnson's purported testimony and memorandum violates Rule 602 of the Federal Rules of Evidence because he did not have first-hand knowledge of the conversations that took place between Mr. Henderson and/or Mr. Henderson's tenants and the BCLP employees. The Court finds that Mr. Johnson's memorandum complies with Rule 602 because Mr. Johnson's statements reflect the events and conversations he witnessed first-hand.

---

[3] Fed. R. Evid. 801(a).

[4] Fed. R. Evid. 802.

[5] Docket No. 123 Ex. A, at 3.

[6] *Id.*

[7] *Id.* at 4.

Notably, Plaintiffs dispute only the portions of Mr. Johnson's memorandum that discuss out-of-court statements made by Mr. Henderson or his tenants. To the extent Mr. Johnson seeks to testify about these statements, Rule 602 is not the proper analysis. Mr. Johnson may offer testimony of his co-workers' out-of-court statements if Defendant can show the testimony does not violate the rule against hearsay.

### 1.   *Mr. Henderson's statements*

Defendant argues that Mr. Johnson's testimony regarding his coworkers' conversations with Mr. Henderson is permissible because the testimony (1) will show Mr. Henderson made a prior inconsistent statement, which is not hearsay under Rule 801(d)(1)(A) of the Federal Rules of Evidence and (2) qualifies as an opposing party statement, which is also not hearsay according to Rule 801(d)(2) of the Federal Rules of Evidence.

Defendant asserts that Mr. Henderson told the BCLP employees that he would not allow BCLP to trim or remove the subject tree. Mr. Henderson later stated, in his deposition, that he gave BCLP permission to do "whatever need[ed] to happen."[8] Defendant therefore argues that Mr. Henderson's statements to the BCLP employees are admissible because such statements qualify as prior inconsistent statements allowed by Rule 801(d)(1)(A).

Rule 801(d)(1)(A) provides that a statement is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." "Ordinarily a witness is regarded as 'subject to cross-

---

[8] Docket No. 141 Ex. A, at 4.

examination' when he is placed on the stand, under oath, and responds willingly to questions."[9] "Thus, [Rule 801(d)(1)(A)] applies only to prior statements given under oath."[10] Mr. Henderson's alleged statements to the BCLP employees were not made while Mr. Henderson was "subject to cross examination." Therefore, Rule 801(d)(1)(A) does not allow Mr. Johnson to repeat those statements as substantive evidence.[11]

Defendant also argues that Mr. Henderson is a party opponent and, therefore, his prior statements are not hearsay under Rule 801(d)(2). Rule 801(d)(2) provides a statement is not hearsay where "[t]he statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity." Mr. Henderson, however, is not and has never been a party to this case.

Defendant cites *Messler v. Phillip*,[12] to support its contention that Mr. Henderson should be treated as an opposing party because Defendant seeks to apportion fault to Mr. Henderson. *Messler*, however, is readily distinguishable. In *Messler*, a Colorado state court found that a co-

---

[9] *United States v. Torrez-Ortega*, 184 F.3d 1128, 1132 (10th Cir. 1999) (quoting *United States v. Owens*, 484 U.S. 554, 561 (1988); *United States v. Silverstein*, 737 F.2d 864, 867 (10th Cir. 1984) ("The rule applies only to prior statements of a witness who testifies at a trial or hearing subject to cross-examination.").

[10] *Silverstein*, 737 F.2d at 867 (10th Cir. 1984); *see also United States v. Moreno*, 271 F. App'x 767, 769 (10th Cir. 2008) ("Even assuming that the police report was a prior statement inconsistent with the detective's trial testimony, it was not a statement 'given under oath . . . at a trial, hearing, or other proceeding.'"); *United States v. Orr*, 864 F.2d 1505, 1509 (10th Cir. 1988) ("And because [the witness'] prior statements were given under oath and he was subject to cross-examination at trial, the prior inconsistent statements were not hearsay, and were admissible as substantive evidence").

[11] Although Mr. Henderson's statements are not admissible as substantive evidence under Rule 801(d)(1)(A), they may be admissible as impeachment evidence. *Moreno*, 271 F. App'x at 769 ("If a witness's prior statements are not made under oath, the statements are admissible only to impeach or discredit the witness") (internal quotation marks omitted).

[12] 867 P.2d 128, 135 (Colo. App. 1993).

defendant in a negligence case who failed to appear at trial and subsequently had a default judgment entered against him was no longer a party to the case and thus did not qualify as an "opposing party" for purposes of Rule 801(d)(2). The court of appeals explicitly refused to reverse this decision, but did advise the trial court to take a second look at the issue on remand, finding that statements by the co-defendant "may be admissible" where the trial court had not yet resolved an issue potentially involving the co-defendant.[13] The language of the appellate court suggests that if the trial court determined the co-defendant was not an actual party to the case, Rule 801(d)(2) would not apply. Mr. Henderson is not an actual party opponent on any issue remaining in this case. *Messler* is therefore neither controlling nor persuasive. The Court finds that Mr. Henderson is not an actual party opponent and therefore Rule 801(d)(2) does not allow Mr. Johnson to testify about Mr. Henderson's alleged statements to the BCLP employees.

2. *Mr. Thomas' statements*

Defendant argues that Mr. Johnson's statements regarding his discussion with Mr. Thomas is not hearsay because the statements will be offered to show that there was a conversation about removing the tree almost immediately after the incident, and not for the truth of matter asserted.

The portions of Mr. Johnson's memorandum disputed in Plaintiffs' Motion that reference statements by Brent Thomas include the following: "Brent expressed our concerns for safety and [Mr. Henderson's] reluctance to let us either remove or trim the required amount away from the power line in the past"[14]; "Brent told me that he had never talked to Mr. Henderson before the

---

[13] *Id.* at 135.

[14] Docket No. 123 Ex. A, at 3.

evening of June 30, 2009"[15]; and "[Brent's] understanding that he had not wanted to remove the trees had come from VerNaun and his memory of a past outage."[16]

As previously mentioned, Defendant seeks to prove that Mr. Henderson would not allow Defendant to properly trim or remove the subject tree. The referenced portions of Mr. Johnson's memorandum regarding Mr. Thomas' conversation with Mr. Henderson plainly support Defendant's contention that Mr. Henderson did not want the subject tree removed or trimmed to excess. It is therefore difficult for the Court to believe that these statements are not offered for the truth of the matter asserted. Should Defendant wish to produce evidence that Mr. Thomas and Mr. Johnson had a conversation shortly after the incident took place, Defendant may ask either or both of the witnesses about this conversation.  Mr. Johnson's testimony regarding statements made by Brent Thomas is hearsay and therefore inadmissible.

However, because Mr. Thomas is also listed as a "will call witness" for the trial, Mr. Thomas may testify regarding his statements to Mr. Henderson and his impressions of Mr. Henderson's wishes regarding the subject tree. Therefore, these portions of Mr. Johnson's memorandum will not be excluded if Defendant can lay foundation to admit Mr. Johnson's memorandum and if Mr. Thomas provides testimony consistent with these statements.

   *3.  Mr. Gines' statements*

Defendant argues that Mr. Johnson's memorandum should be allowed because the memorandum constitutes a "recorded recollection" and a "record of a regularly conducted

---

[15] *Id.*

[16] *Id.*

activity" both of which constitute an exception to the rules against hearsay under Rules 803(5) and 803(6) of the Federal Rules of Evidence.

A recorded recollection is "a record that: is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; . . . was *made or adopted by the witness when the matter was fresh in the witness's memory*; and . . . accurately reflects the witness's knowledge."[17]

Mr. Johnson's memorandum contains the following statements allegedly made by VerNaun Gines:

> I talked to VerNaun about his previous conversations with Mr. Henderson. He remembered the trees, but was not clear on his conversations with Mr. Henderson. He only seemed to remember that they didn't want the undergrowth trimmed and didn't want them removed. He was unclear if it was the owner of the duplex or the tenant that he had talked to.[18]

Notably, Mr. Johnson, the person creating the memorandum, is not the same person who observed the underlying events. The Tenth Circuit has held that "past recollection is admissible where it is the product of an oral report of facts by one witness to another who writes them down" if "each participant in the chain testifies at trial as to the accuracy of his or her piece of the chain."[19] Therefore, the fact that Mr. Johnson did not personally observe the alleged statements by Mr. Henderson and/or his tenants is not determinative. However, Mr. Gines' statements to Mr. Johnson do not meet the standards of Rule 803(5) because they were not made while the underlying conversation with Mr. Henderson was "fresh in [Mr. Gines'] memory." The conversation Mr. Gines recalled occurred well before his statements to Mr. Johnson, such that he

---

[17] Fed. R. Evid. 803(5) (emphasis added).

[18] *Id.* at 4.

[19] *United States v. Hernandez*, 333 F.3d 1168, 1178−79 (10th Cir. 2003).

was "unclear" on both the precise substance of the conversation and the identity of the participants in the conversation. The portions of Mr. Johnson's memorandum regarding his conversations with Mr. Gines are therefore not admissible under the recorded recollection exception.

Finally, Defendant argues that it will lay the foundation at trial to show that Mr. Johnson's memorandum is admissible as a "record of a regularly conducted activity" and is therefore admissible as an exception to the rule against hearsay under Rule 803(6).

> To fall within this exception, a document must (1) have been prepared in the normal course of business; (2) have been made at or near the time of the events it records; and (3) be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant.[20]

Defendant cannot lay foundation to admit the portions of Mr. Johnson's memorandum regarding his conversation with Mr. Gines as a business record because the statements made by Mr. Gines were not made or recorded "at or near the time of the events it records."[21] "Timeliness is essential because 'any trustworthy habit of making regular business records will ordinarily involve the making of the record *contemporaneously*.'"[22] As previously discussed, the statements Mr. Gines made to Mr. Johnson referenced a conversation Mr. Gines had with Mr. Henderson and/or his tenants at a previous time. Mr. Gines' admittedly unclear memory of the conversation is sufficient evidence to show that the length of time between the event and the

---

[20] *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004) (internal quotation marks and citations omitted).

[21] *Id.*

[22] *Abascal v. Fleckenstein*, 820 F.3d 561, 565 (2d Cir. 2016) (quoting *United States v. Strother*, 49 F.3d 869, 876 (2d Cir.1995)).

recording of the event was not close enough to meet the timeliness element of the business records exception.

Neither the "recorded recollection" nor the "record of regularly conducted activity" exceptions to the rules against hearsay are applicable to this portion of Mr. Johnson's memorandum concerning his conversation with Mr. Gines. However, these exceptions may apply to the remaining portions of Mr. Johnson's memorandum if Defendant can lay sufficient foundation.

Lastly, Mr. Gines' alleged out of court statements reference other out-of-court statements made by Mr. Henderson and/or his tenants. If the hearsay testimony itself contains a hearsay statement, "a hearsay exception must apply to each link of the chain."[23] Therefore, even if the Court found the above discussed rules of evidence applied to the challenged portions or the memorandum, the Court would not be able to admit Mr. Gines' statements to Mr. Johnson because Defendant failed to argue the admissibility of each "link."

For the aforementioned reasons, the Court holds that Mr. Johnson's testimony will be limited to his personal impressions regarding the subject tree and incident.  Mr. Johnson will not be allowed to testify of statements made by Mr. Gines because said testimony would amount to impermissible hearsay. Further, if Defendant is able to lay sufficient foundation to admit Mr. Johnson's memorandum as evidence at trial, the following paragraph in Mr. Johnson's memorandum will be excluded:

> 6. I talked to VerNaun about his previous conversations with Mr. Henderson. He remembered the trees, but was not clear on his conversations with Mr. Henderson. He only seemed to remember that they didn't want the undergrowth trimmed and

---

[23] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008) (citing Fed. R. Evid. 805).

didn't want them removed. He was unclear if it was the owner of the duplex or the tenant that he had talked to.[24]

B.  VERNAUN GINES

Plaintiffs reference the following statements contained in Mr. Johnson's memorandum in support of their Motion to limit Mr. Gines' testimony:

> In discussing the removal of the trees on July 2, 2009, Brent told me that he had never talked to Mr. Henderson before the evening of June 30, 2009. His understanding that he had not wanted to remove the trees had come from VerNaun and his memory of a past outage.[25]

> I talked to VerNaun about his previous conversations with Mr. Henderson. He remembered the trees, but was not clear on his conversations with Mr. Henderson. He only seemed to remember that they didn't want the undergrowth trimmed and didn't want them removed. He was unclear if it was the owner of the duplex or the tenant that he had talked to.[26]

Plaintiffs also reference the following statement from Mr. Gines' memorandum:

> I do not remember who we received permission from [in] the past to trim trees but I do remember they wanted as much as possible left for shade.[27]

First, Plaintiffs argue that testimony from Mr. Gines as well as the above referenced portions of Mr. Gines' memorandum violate Rule 602 because Mr. Gines could not recall who he spoke to regarding the tree trimming and removal. The Court finds that Mr. Gines' anticipated testimony and memorandum comply with Rule 602 because Mr. Gines' statements reflect only the matters he personally observed. Plaintiffs dispute the portions of Mr. Gines' testimony that discuss out-of-court statements. To the extent Mr. Gines' testimony involves out-of-court

_____

[24] Docket No. 123 Ex. A, at 4.

[25] Docket No. 124 Ex. A, at 3.

[26] *Id.* at 4.

[27] *Id.* Ex. B, at 2.

11

statements, Rule 602 is not the proper analysis. Mr. Gines may offer testimony of the out-of-court statements if Defendant can show the testimony does not violate the rules of evidence against hearsay.

### 1.  Mr. Gines' testimony consistent with Mr. Johnson's memorandum

As with Mr. Johnson, Defendant argues Mr. Gines should be able to testify of Mr. Henderson's alleged statements because (1) the testimony would contradict a prior inconsistent statement and is therefore not hearsay under Federal Rule of Evidence 801(d)(1)(A) and (2) Mr. Henderson is an opposing party and therefore any of his statements are not subject to the rule against hearsay under Federal Rule of Evidence 801(d)(2). For the same reasons discussed above, the Court rejects these arguments.

### 2.  Mr. Gines' testimony consistent with his own memorandum

Defendant argues Mr. Gines' testimony that he did not receive permission to remove the subject tree is not a specific statement and is therefore not hearsay. The Court agrees. Mr. Gines testimony regarding his understanding that BCLP was not given permission to remove trees does not contain an out-of-court statement and is therefore not impermissible hearsay.

### 3.  Mr. Gines' memorandum

Defendant argues that Mr. Gines' memorandum is admissible because the memorandum is both a recorded recollection and a record of regularly conducted activity under Rules 803(5) and 803(6) of the Federal Rules of Evidence. For the same reasons discussed above, the portion of Mr. Gines' memorandum reading, "I do not remember who we received permission from [in] the past to trim trees but I do remember they wanted as much as possible left for shade" is not admissible under the "recorded recollection" exception or the "record of regularly conducted

activity" exception. The statement references a conversation that took place well before the date the memorandum was created, such that Mr. Gines could not recall the specifics of the conversation. Therefore, the statement does not meet the timeliness requirement of either a recorded recollection or a record of regularly conducted activity. Again, if Defendant is able to show sufficient foundation, these exceptions may allow the remainder of Mr. Gines' memorandum to be admitted into evidence at trial.

The Court holds that Mr. Gines will not be allowed to testify regarding specific statements made to him by Mr. Henderson, Mr. Henderson's tenants, or any other third party. Furthermore, the statement reading "I do remember they wanted as much as possible left for shade" shall be excluded as impermissible hearsay if Mr. Gines' memorandum is admitted at trial. Mr. Gines may, however, testify about his impressions of the situation surrounding the trimming and removal of the subject tree, including his belief that BCLP was not permitted to trim or remove the subject tree.

## C.  BRENT THOMAS

Plaintiffs reference the following statements contained in Mr. Johnson's memorandum in support of their Motion to limit Mr. Thomas' testimony:

> Brent expressed our concerns for safety and his reluctance to let us either remove or trim the required amount away from the power line in the past.[28]

> In discussing the removal of the trees on July 2, 2009, Brent told me that he had never talked to Mr. Henderson before the evening of June 30, 2009. His understanding that he had not wanted to remove the trees had come from VerNaun and his memory of a past outage.[29]

---

[28] Docket No. 125 Ex. A, at 3.

[29] *Id.*

Plaintiffs also reference the following statement from Mr. Thomas' memorandum:

> I also indicated to him very firmly that these trees have been a nuisance to the power department for many years and felt like it was time that the trees are removed.[30]

Plaintiffs argue that testimony from Mr. Thomas consistent with the above statements in Mr. Johnson's memorandum would violate Rule 602 because Mr. Thomas' knowledge of BCLP's interactions with Mr. Henderson prior to the incident is based solely on his conversations with Mr. Gines. The Court finds that Mr. Thomas' testimony and memorandum comply with Rule 602 because Mr. Thomas' statements reflect his personal observations. Plaintiffs dispute the portions of Mr. Thomas' testimony that discuss out-of-court statements. To the extent Mr. Thomas seeks to testify about out-of-court statements regarding events or conversations he did not witness, Rule 602 is not the proper analysis. Mr. Thomas may repeat out-of-court statements in trial if Defendant can show the statements do not violate the rule against hearsay.

Defendant explains that Mr. Thomas will testify only of his conversation with Mr. Henderson. Mr. Thomas may testify of his statements to Mr. Henderson during their conversation. However, Mr. Thomas may not testify of the out-of-court statements Mr. Henderson made to him because these statements would be hearsay.

Defendant next argues Mr. Thomas' testimony that Mr. Henderson was reluctant to allow BCLP to remove the tree after the accident is not hearsay because it is not a specific statement. The Court agrees. To the extent Mr. Thomas is able to present his testimony in terms of his impressions of Mr. Henderson's wishes, the Court will allow the testimony as non-hearsay.

---

[30] *Id.* Ex. B, at 3.

However, Mr. Thomas will not be allowed to state that Mr. Henderson made any specific statements of "reluctance" as such testimony would amount to impermissible hearsay.

Finally, Defendant argues that it will lay foundation to show that Mr. Thomas' memorandum is admissible as a recorded recollection and a record of regularly conducted activity under Rules 803(5) and 803(6) of the Federal Rules of Evidence. The challenged portion of Mr. Thomas' memorandum does not contain the same timeliness issues as the memorandums of Mr. Johnson and Mr. Gines. Therefore, if Defendant lays sufficient foundation, the memorandum may be admitted under these exceptions.

### D.  MR. TYLER PARKIN

Mr. Parkin wrote a memorandum on July 2, 2009, after the incident took place. However the subject of the memorandum is Mr. Parkin's memory of events that took place at the subject residence in November of 2004. Plaintiffs reference the following statements contained in Mr. Parkin's memorandum in support of their Motion to limit Mr. Parkin's testimony:

> The reason why is the trees were just getting into the secondary wires therefore we knocked on the door to notify the tenants that we would like to trim the trees. To our knowledge they declined for us to trim the trees any further. They didn't want them any lower.[31]

> To my knowledge we asked the home owner at 743 West 3200 South during this job if we could trim his tees and they didn't want them any lower.[32]

Plaintiffs argue that testimony from Mr. Parkin would violate Rule 602 because Mr. Parkin could not remember if he personally spoke with anyone at the residence or if he received his information from another BCLP employee. The Court finds that Mr. Parkin's memorandum

---

[31] Docket No. 126 Ex. A, at 2.

[32] *Id.*

complies with Rule 602 because Mr. Parkin's memorandum reflects only his personal observations. To the extent Mr. Parkin's testimony contains out-of-court statements, Rule 602 is not the proper analysis. Mr. Parkin may offer testimony of out-of-court statements if Defendant can show the testimony does not violate the rule against hearsay.

Defendant argues that Mr. Parkin's testimony that BCLP was not given permission to trim or remove the subject trees does not contain an out-of-court statement and is therefore not hearsay. The Court agrees. Mr. Parkin may testify regarding his understanding of the circumstances of BCLP's tree trimming efforts in November of 2004, so long as that testimony does not involve any specific out-of-court statements made by another individual.

Defendant argues that to the extent Mr. Parkin does testify of out-of-court statements made by Mr. Henderson or his tenants, such testimony is not hearsay because (1) the statements directly contradict a prior inconsistent statement as allowed by Rule 801(d)(1)(A) of the Federal Rules of Evidence and (2) Mr. Henderson is a party opponent and thus his out-of-court statements are not hearsay under Rule 801(d)(2) of the Federal Rules of Evidence. For the same reasons the Court rejected these arguments above, the Court again rejects these arguments as they apply to Mr. Parkin.

Finally, Defendant argues that Mr. Parkin's memorandum is admissible because the memorandum is both a recorded recollection under Rule 803(5) of the Federal Rules of Evidence and a record of regularly conducted activity under Rule 803(6) of the Federal Rules of Evidence. Mr. Parkin's memorandum presents a timeliness issue which precludes its admissibility under the aforementioned rules.

The events Mr. Parkin describes in his memorandum—written in 2009—took place in 2004. Such a time gap unmistakably falls outside the requirements of Rules 803(5) and 803(6). Therefore, Mr. Parkin's memorandum is not admissible at trial.

The Court holds that Mr. Parkin may not testify of any out-of-court statements made by another BCLP employee, Mr. Henderson, or Mr. Henderson's tenants. Further, Mr. Parkin's memorandum shall be excluded from trial. Mr. Parkin may testify of his impressions regarding BCLP's efforts to trim and remove trees at the subject property in November of 2004.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motions in Limine 1 through 4 (Docket Nos. 123, 124, 125, and 126) are GRANTED in part and DENIED in part.

DATED this 31st day of January, 2017.


BY THE COURT:

_____
Ted Stewart
United States District Judge

17