IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE NO. 11 RE: BOUNTIFUL CITY LIGHT & POWER INTERNAL POLICY ON CYCLE PRUNING<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine No. 11 Re: Bountiful City Light & Power Internal Policy on Cycle Pruning. For the reasons discussed below, the Court will deny the Motion.

Bountiful City Light & Power (BCLP)'s current internal policy is to prune trees every three years.[1] Plaintiffs move to exclude evidence of BCLP's internal pruning policy from trial arguing its admission would violate Utah law. In support of their argument, Plaintiffs cite to *Jenkins v. Jordan Valley Water Conservancy District*,[2] *Steffensen v. Smith's Management Corp.*,[3] and *State Farm Fire & Casualty Co. v. PacifiCorp.*[4] These cases stand for the proposition that an entity's internal policies or decisions do not establish or otherwise affect the applicable standard

---

[1] *See* Docket No. 152 Ex. 1, at 1.

[2] 2013 UT 59, 321 P.3d 1049.

[3] 862 P.2d 1342 (Utah 1993).

[4] No. 2:12-CV-00604-TC, 2015 WL 4249901 (D. Utah July 13, 2015).

of care.[5] These cases, however, do not stand for the proposition that evidence of an entity's internal policy is inadmissible for any purpose.

Evidence is admissible if it is relevant and not otherwise impermissible under federal law.[6] "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."[7]

Defendant states that evidence of BCLP's internal policies is relevant to its arguments that BCLP's policies are budget driven, that BCLP was the one who performed the cut on the branch that caused the accident, and that BCLP had opportunities to maintain the subject tree as needed. The Court finds that BCLP's internal policies are relevant to Defendant's proposed arguments, which are unrelated to establishing the standard of care. This finding is consistent with Tenth Circuit case law finding that, while a company's internal policies "do not alter the applicable standard of care, they are admissible to show negligence."[8]

---

[5] *See Jenkins*, 2013 UT 59, ¶ 11 (holding that the appellate court erred in finding the "internal decision to replace the pipeline established the applicable standard of care"); *Steffensen*, 862 P.2d at 1345 ("[T]he law fixes the legal duty owed by a storekeeper to its customers, and that duty cannot be altered by higher standards prescribed by the merchant for his or her employees."); *State Farm Fire*, 2015 WL 4249901, at *4 ("[U]nder *Jenkins,* PacifiCorp's internal recommendations cannot be used to establish the standard of care. Rather, expert testimony is necessary.").

[6] Fed. R. Evid. 402 ("Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court.").

[7] Fed. R. Evid. 401.

[8] *Robinson v. Mo. Pac. R. Co.*, 16 F.3d 1083, 1091 (10th Cir. 1994); *see also Therrien v. Target Corp.*, 617 F.3d 1242, 1256 (10th Cir. 2010) ("Although a company's internal policies "do not alter the applicable standard of care, they are admissible to show negligence," even if the policies demand a higher standard of care than the applicable law.").

The Court holds that evidence regarding BCLP's internal tree pruning policy is relevant and admissible. At either party's request, the Court will consider a jury instruction clarifying how the jury should consider the policy.[9]

It is therefore

ORDERED that Plaintiffs' Motion in Limine No. 11 Re: Bountiful City Light & Power Internal Policy on Cycle Pruning (Docket No. 152) is DENIED.

DATED this 1st day of February, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[9] *See Therrien*, 617 F.3d at 1256.