IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE NO. 16 TO PRECLUDE DEFENDANT'S WITNESSES FROM TESTIFYING THAT INDUSTRY STANDARDS DID NOT REQUIRE ASPLUNDH TO REMOVE THE SUBJECT TREE<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine No. 16 to Preclude Defendant's Witnesses from Testifying that Industry Standards did not Require Asplundh to Remove the Subject Tree (Docket No. 178). For the reasons discussed below, the Court will deny the Motion.

In its Trial Brief, Defendant has expressed its intent to produce evidence "that industry standards did not require the removal of the tree, and Bountiful City's own standards for tree removal did not require removal of the tree."[1]  Plaintiffs seek to preclude such evidence, arguing that Defendant has failed to adequately disclose any witness who will testify on these matters.

Plaintiffs' expert has opined that Defendant violated industry standards by failing to remove the subject tree. However, during his deposition, Mr. Gilmore acknowledged that ANSI standards gave the trimmer the option to either prune or remove a tree that was growing directly under a power line. Several witnesses, including Mr. Gilmore, have identified ANSI standards

---

[1] Docket No. 166, at 2.

1

as establishing the standards for the industry. Thus, the issue of whether industry standards require removal of a tree directly under a power line has clearly been identified as an issue in this case. Further, Defendant has presented evidence through its non-retained expert witnesses that industry standards do not necessarily require removal of a tree directly underneath a power line. For instance, in his deposition Edward Boyd made a distinction between a tree growing into a power line and one that was to the side of a power line.[2] He stated that a Siberian elm growing on the side of a power line could be trimmed back and need not be removed.[3] Given this testimony, even assuming that Defendant's expert disclosures were deficient, any failure is harmless given the lack of surprise or prejudice to Plaintiffs.[4]

Plaintiffs also seek to exclude testimony concerning BCLP's internal standards. The Court finds that the subject of BCLP's internal standards is a factual one and is not subject to expert disclosure requirements. Therefore, Defendant will not be precluded from eliciting testimony on this topic. Defendant has identified witnesses who will testify as to those standards. Moreover, to the extent that testimony concerning BCLP's policies does constitute expert testimony, Brent Thomas specifically discussed their policies concerning tree removal in his deposition. Mr. Thomas stated that BCLP would remove a tree when it was directly under a power line and it was a tree that would need to get trimmed again in two or three years.[5] Thus,

---

[2] Docekt No. 176 Ex. 6, at 72:13–25

[3] *Id.*; *see also id.* at 73:7–18.

[4] *See* Fed. R. Civ. P. 37(c).

[5] Docket No. 177 Ex. 6, at 15:2–5 (stating "we would remove the tree if it's directly under and it's a tree that will two years or three years later need to be trimmed again"); *id.* at 78:13–19 ("I have always, in my direction, given them the ability that if a tree needs to be removed, to remove it. And what would constitute a tree needing to be removed is if it's directly

Plaintiffs can demonstrate no surprise or prejudice as to BCLP's policies concerning removals. Therefore, exclusion is not required.

It is therefore

ORDERED that Plaintiffs' Motion in Limine No. 16 to Preclude Defendant's Witnesses from Testifying that Industry Standards did not Require Asplundh to Remove the Subject Tree (Docket No. 178) is DENIED.

DATED this 3rd day of February, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

underneath a power line and we're going to have to continually come back to trim it, better to remove it if we can get the permission.").