IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE NO. 15 RE: DEFENDANT'S NON-RETAINED EXPERT BRENT THOMAS<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine No. 15 Re: Defendant's Non-Retained Expert Brent Thomas (Docket No. 177). For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I. BACKGROUND

Defendant designated Brent Thomas as both a fact witness and non-retained expert witness. In its expert disclosures, Defendant states that Mr. Thomas' opinion testimony will be consistent with his deposition testimony. In its opposition to Plaintiffs' Motion for Summary Judgment, Defendant submitted a declaration from Mr. Thomas. Defendant's Trial Brief states that Mr. Thomas will provide testimony consistent with that declaration.  Plaintiffs argue that the declaration violates the standards of Rule 26 and should therefore be stricken. In the alternative, Plaintiffs request an order from the Court precluding Mr. Thomas from testifying on matters not discussed during his deposition.

II. DISCUSSION

An expert witness who has not been retained "may both testify as a fact witness and also provide expert testimony" so long as the parties disclose these witnesses as provided in Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.[1] Rule 26(a)(2)(C) requires the parties to disclose only "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify." The advisory committee notes of the 2010 amendment state that a disclosure under Rule 26(a)(2)(C) is "considerably less extensive than the [retained expert] report required by Rule 26(a)(2)(B)" and further warns courts to "take care against requiring undue detail."[2] Courts have found the requirements to be relatively minimal.[3] Generally, if the party provides "a brief account that states the main points"[4] and effectively "obviate[s] the danger of unfair surprise,"[5] the disclosures will meet the 26(a)(2)(C) requirements. Notably, in contrast to retained expert reports, the advisory committee note explains that "the Rule 26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the

---

[1] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.

[2] *Id.*

[3] *See Thompson v. Gammon*, No. 12-CV-0276 MCA/SMV, 2015 WL 11117310, at *3 (D.N.M. Feb. 25, 2015) (finding the following summary, "however perfunctory," to be sufficient: "Mr. Forsberg is a fact witness who may offer testimony considered expert in nature. He and his wife Barbara have lived on Walking Rain Road since 1987. He is expected to testify that the dirt track is sketchy and never used as a road, and building it into a useable road to the Gammon property would be almost impossible.").

[4] *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-CV-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011).

[5] *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *2 (D. Kan. Aug. 12, 2014).

witness will present."[6] Fact testimony unrelated to the expert opinions need meet only the initial disclosure requirements of Rule 26(a)(1)(A).

Rule 26(a)(1)(A) requires the parties to disclose only "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless solely for impeachment." These disclosures should be "complete and detailed"[7] and should "indicat[e] briefly the general topics on which such persons have information" in order to "assist other parties in deciding which depositions will actually be needed."[8]

In its initial disclosures, Defendant clearly listed Brent Thomas as an "individual likely to have discoverable information," provided Mr. Thomas' address and telephone number, and included a brief statement regarding the information Defendant expected Mr. Thomas to produce in relation to the case.[9]

In Defendant's initial expert disclosures, Defendant disclosed Mr. Thomas' testimony as follows:

> Mr. Thomas is a Bountiful City Light & Power employee. Mr. Thomas was previously disclosed in Asplundh Tree Expert Co.'s Rule 26(a) Initial Disclosures and has been deposed in this matter. To the extent Mr. Thomas may be called at trial and asked to opine regarding Bountiful City Light & Power's policies and practices with regard to tree trimming adjacent power lines, tree trimming

---

[6] Rule 26(a)(2)(B) duty to disclose "extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

[7] *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (quoting *Crouse Cartage Co. v. National Warehouse Investment Co.,* No. IP02-071CTK, 2003 WL 23142182, at *1 (S.D. Ind. 2003)).

[8] *See* Fed. R. Civ. Pro. 26(a)(1)(A) advisory committee's notes on 1993 amendment.

[9] Docket No. 156 Ex. A, at 8.

practices in general, Asplundh tree trimming practices, prior tree trimming and other related power line work in the area where the accident occurred, or Bountiful City Power's working relationship with Asplundh, he is being disclosed as a non-retained expert witness.[10]

Defendant's Second Supplemental Expert Disclosures specify that Mr. Thomas' expert testimony will be "consistent with the contents of his deposition."[11]

At summary judgement, Plaintiffs disputed the following statements in Mr. Thomas' Declaration:

> (1) There are no hard and fast rules for when a tree should be removed rather than trimmed. However, a tree could be removed if it is a fast growing tree planted underneath the power line, or a tree that has split and is leaning over into a power line.
>
> (2) The tree involved in the accident did not meet these conditions. It was not planted directly underneath a power line, and it did not have a split that was leaning over into a power line.
>
> (3) The power department, however, only removes trees that are underneath power lines.
>
> (4) From November 15 to November 22, 2004, a power department crew was working on replacing two power poles, one in the backyard where the accident occurred in 2005, and one a few lots west of the address where the accident occurred. Had the crew felt either or both of the Chinese elm trees should have been removed at that time, the crew would have told me.
>
> (5) On October 31, 2004, a power department crew that included VerNaun Gines responded to a power outage at the [subject home]. VerNaun was frustrated that this job was time-consuming due to the growth in the tree and asked for permission to remove the tree. It is my understanding that permission was denied by Mr. Henderson.[12]

Plaintiffs seek exclusion of these statements.

---

[10] Docket No. 139 Ex. A, at 13.

[11] Docket No. 177 Ex, B, at 7.

[12] Docket No. 66, at 10–13.

Statement numbers two through five involve fact testimony unrelated to Mr. Thomas' expert opinions and are therefore admissible in trial in accordance with the standards set forth above. However, Mr. Thomas' statement that "there are no hard and fast rules for when a tree should be removed rather than trimmed" is an expert opinion and must therefore comply with Rule 26(a)(2)(C).

Mr. Thomas' deposition discusses BCLP's specific standards, but does not discuss the industry standards for determining when to remove or trim a tree. Defendant states in its response to this Motion that Mr. Thomas will not opine as to the industry standards regarding tree trimming and removal. Therefore, Mr. Thomas is precluded from offering opinion testimony on industry standards of trimming and removing trees.

Plaintiffs alternatively seek to limit Mr. Thomas' testimony to those facts contained in his deposition. However, as set forth above, the Rule 26(a)(2)(C) disclosure obligation does not apply to facts unrelated to the witness' expert opinions. Therefore, the Court will not limit Mr. Thomas' testimony except as it relates to his expert opinions.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion in Limine No. 15 Re: Defendant's Non-Retained Expert Brent Thomas (Docket No. 177) is GRANTED in part and DENIED in part.

DATED this 3rd day of February, 2017.

BY THE COURT:

Ted Stewart
United States District Judge