IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>               Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE NO. 14 RE: DEFENDANT'S NON-RETAINED EXPERT EDWARD BOYD<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine No. 14 Re: Defendant's Non-Retained Expert Edward Boyd (Docket No. 176). For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

Defendant designated Edward Boyd as both a fact witness and a non-retained expert witness. In its expert disclosures, Defendant states that Mr. Boyd's opinion testimony will be consistent with his deposition testimony. In its opposition to Plaintiffs' Motion for Summary Judgment, Defendant submitted a declaration from Mr. Boyd. Defendant's trial brief states that Mr. Boyd will provide testimony consistent with that declaration. Plaintiffs argue that the declaration violates the standards of Rule 26 and should therefore be stricken. In the alternative, Plaintiffs request an order from the Court precluding Mr. Boyd from testifying on matters not discussed during his deposition.

1

## II. DISCUSSION

An expert witness who has not been retained "may both testify as a fact witness and also provide expert testimony" so long as the parties disclose these witnesses as provided in Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.[1] Rule 26(a)(2)(C) requires the parties to disclose only "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify." The advisory committee notes of the 2010 amendment state that a disclosure under Rule 26(a)(2)(C) is "considerably less extensive than the [retained expert] report required by Rule 26(a)(2)(B)" and further warns courts to "take care against requiring undue detail."[2] Courts have found the requirements to be relatively minimal.[3] Generally, if the party provides "a brief account that states the main points"[4] and effectively "obviate[s] the danger of unfair surprise,"[5] the disclosures will meet the 26(a)(2)(C) requirements. Notably, in contrast to retained expert reports, the advisory committee note explains that "the Rule 26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the

---

[1] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.

[2] *Id.*

[3] *See Thompson v. Gammon*, No. 12-CV-0276 MCA/SMV, 2015 WL 11117310, at *3 (D.N.M. Feb. 25, 2015) (finding the following summary, "however perfunctory," to be sufficient: "Mr. Forsberg is a fact witness who may offer testimony considered expert in nature. He and his wife Barbara have lived on Walking Rain Road since 1987. He is expected to testify that the dirt track is sketchy and never used as a road, and building it into a useable road to the Gammon property would be almost impossible.").

[4] *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-CV-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011).

[5] *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *2 (D. Kan. Aug. 12, 2014).

witness will present."[6] Fact testimony unrelated to the expert opinions need meet only the initial

disclosure requirements of Rule 26(a)(1)(A).

Rule 26(a)(1)(A) requires the parties to disclose only "the name and, if known, the

address and telephone number of each individual likely to have discoverable information—along

with the subjects of that information—that the disclosing party may use to support its claims or

defenses, unless solely for impeachment." These disclosures should be "complete and detailed" [7]

and should "indicat[e] briefly the general topics on which such persons have information" in

order to "assist other parties in deciding which depositions will actually be needed."[8]

In its initial disclosures, Defendant clearly listed Edward Boyd as an "individual likely to

have discoverable information," provided Mr. Boyd's address and telephone number, and

included a brief statement regarding the information Defendant expected Mr. Boyd to produce in

relation to the case.[9]

In Defendant's initial expert disclosures, Defendant disclosed Mr. Boyd's testimony as

follows:

> Mr. Boyd has been the Asplundh Regional Supervisor since 2005. Mr. Boyd was
> previously disclosed in Asplundh Tree Expert Co.'s Rule 26(a) Initial Disclosures
> and has been deposed in this action. To the extent Mr. Boyd [may] be called at
> trial and asked to interpret or opine regarding Asplundh tree trimming policies
> and practices, tree trimming practices in general, his experience regarding policies

---

[6] Rule 26(a)(2)(B) duty to disclose "extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

[7] *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (quoting *Crouse Cartage Co. v. National Warehouse Investment Co.,* No. IP02-071CTK, 2003 WL 23142182, at *1 (S.D. Ind. 2003)).

[8] *See* Fed. R. Civ. Pro. 26(a)(1)(A) advisory committee's notes on 1993 amendment.

[9] Docket No. 156 Ex. A, at 3.

and practices of Bountiful City Light & Power and other municipalities or electrical companies he has worked for, or tree trimming adjacent to power lines, or Asplundh's business relationship with Bountiful City Power Company in the years preceding the accident through present, he is being disclosed as a non-retained expert witness.[10]

Defendant's Second Supplemental Expert Disclosures specified that Mr. Boyd's expert testimony would be "consistent with the contents of his deposition."[11]  Defendant's Trial Brief states that Mr. Boyd will testify regarding, among other things, information consistent with his Declaration submitted in opposition to Plaintiffs' Motion for Summary Judgment.

At summary judgment, Plaintiffs disputed the following statements in that Declaration: (1) "There are no industry standards that require removal of a tree if it is growing to the side of the power line"[12]; and (2) "If a homeowner in Bountiful refused a request to remove a fast-growing tree that was underneath a power line with branches growing in the power line, Bountiful City would have Asplundh trim the tree during the cycle, but not remove the tree."[13]

First, testimony regarding industry standards is expert testimony and therefore this information must have been referenced in Mr. Boyd's deposition to be admissible under the parties' agreement. Defendant points to specific lines of Mr. Boyd's deposition testimony where he discussed the industry standards of trimming and removing trees growing around power lines.[14] The Court finds that these portions of Mr. Boyd's testimony put Plaintiffs on notice that Boyd would opine regarding the industry standards of trimming trees growing under and next to

---

[10] Docket No. 139 Ex. A, at 6.

[11] Docket No. 176 Ex, B, at 3.

[12] Docket No. 66, at 10.

[13] *Id.*

[14] Docket No. 187 Ex. A.

power lines. Mr. Boyd's testimony on this matter is therefore admissible at trial. Second, what BCLP would have directed Asplundh to do if a homeowner refused removal is a factual issue unrelated to Mr. Boyd's expert opinion and is therefore admissible as fact testimony.

Plaintiffs alternatively seek to limit Mr. Thomas' testimony to those facts contained in his deposition.  However, as set forth above, the Rule 26(a)(2)(C) disclosure obligation does not apply to facts unrelated to the witness' expert opinions. Therefore, the Court will not limit Mr. Thomas' testimony, except as it relates to his expert opinions.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion in Limine No. 14 Re: Defendant's Non-Retained Expert Edward Boyd (Docket No. 176) is DENIED.

DATED this 3rd day of February, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge