IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE NO. 13 TO LIMIT THE TESTIMONY OF DEFENDANT'S NON-RETAINED EXPERT ALLEN JOHNSON<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine No. 13 to Limit the Testimony of Defendant's Non-Retained Expert Allen Johnson (Docket No. 174). For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Defendant has designated Allen Johnson as both a non-retained expert witness and a fact witness. In its Trial Brief, Defendant states that Mr. Johnson will testify regarding, among other things, Bountiful City Light & Power ("BCLP")'s settlement with Plaintiffs.[1] Plaintiffs request an order from the Court precluding Mr. Johnson from testifying about BCLP's settlement because the subject was not listed in Defendant's expert disclosures.

II. DISCUSSION

An expert witness who has not been retained "may both testify as a fact witness and also provide expert testimony" so long as the parties disclose these witnesses as provided in Rule

---

[1] Docket No. 174 Ex. B.

1

26(a)(2)(C) of the Federal Rules of Civil Procedure.[2] In contrast to retained expert reports, the advisory committee note explains that "the Rule 26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present."[3] Fact testimony unrelated to the expert opinions need meet only the initial disclosure requirements of Rule 26(a)(1)(A).

Rule 26(a)(1)(A) requires the parties to disclose only "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless solely for impeachment." These disclosures should be "complete and detailed"[4] and should "indicat[e] briefly the general topics on which such persons have information" in order to "assist other parties in deciding which depositions will actually be needed."[5]

Mr. Johnson's testimony regarding BCLP's settlement with Plaintiffs is fact testimony that is unrelated to any expert opinions and is therefore subject only to the Rule 26(a)(1)(A) witness disclosure requirements, not the Rule 26(a)(2)(C) requirements. The Court finds that Defendant met the requirements of Rule 26(a)(1)(A)'s initial disclosures in regards to Mr. Johnson's fact testimony. Defendant identified Mr. Johnson as a witness and provided his contact information as well as the areas on which he had knowledge. The Court therefore holds that Mr. Johnson may testify regarding BCLP's settlement with Plaintiffs.

---

[2] Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

[3] *Id.* Rule 26(a)(2)(B) duty to disclose "extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." *Id.*

[4] *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (quoting *Crouse Cartage Co. v. National Warehouse Investment Co.,* No. IP02-071CTK, 2003 WL 23142182, at *1 (S.D. Ind. 2003)).

[5] *See* Fed. R. Civ. P. 26(a)(1)(A) advisory committee's notes on 1993 amendment.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion in Limine No. 13 to Limit the Testimony of Defendant's Non-Retained Expert Allen Johnson (Docket No. 174) is DENIED.

DATED this 3rd day of February, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge