IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>               Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS IN LIMINE NOS. 10 AND 17<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion in Limine Numbers 10 and 17 (Docket Nos. 139 and 179). For the reasons discussed below, the Court will grant the Motions in part and deny them in part.

Defendant has designated Rodney Bracewell, Edward Boyd, Ron Burge, Kent Gines, VerNaun Gines, Layne Hartvigsen, Allen Johnson, Tyler Parkin, and Brent Thomas as both fact witnesses and non-retained expert witnesses. In its expert disclosures, Defendant states that these witnesses will testify only to the matters discussed in their respective depositions. Plaintiffs request an order from the Court precluding these witnesses from testifying to matters not included in their depositions.

A witness who has not been retained "may both testify as a fact witness and also provide expert testimony." [1] To present expert testimony at trial, the parties must timely identify these witnesses and meet the disclosure requirements of Rule 26(a)(2)(C) of the Federal Rules of Civil

---

[1] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.

Procedure.[2] For non-retained experts, Rule 26(a)(2)(C) requires the parties to provide only "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Plaintiffs argue that the plain language of this Rule dictates that any opinions and facts not included in Defendant's Rule 26 expert disclosures are not admissible at trial and, therefore, Defendant's experts' testimony is limited to both the facts and opinions in their depositions. The Court agrees that the witnesses' testimony regarding their expert opinions must be limited to those opinions and supporting facts that are contained in their depositions. However, the advisory committee note to the 2010 amendment of Rule 26(a)(2)(C) makes clear that in regards to non-retained experts, "[t]he (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present."[3] Therefore, the Court finds no basis to limit fact testimony from Defendant's witnesses that is unrelated to their disclosed expert opinions.

The Court therefore holds that Defendant's non-retained expert witnesses may not testify about expert opinions and/or facts supporting those opinions that are not stated in their depositions. However, the witnesses may testify of facts not included within their depositions so long as those facts are unrelated to the witnesses' expert opinions.

---

[2] *Id.*

[3] *Id.*; *see also Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *3 (S.D. Ohio Mar. 11, 2015) (noting the difference between the fact disclosure requirements for non-retained experts and retained experts under Rule 26).

2

Plaintiffs also request the Court order Defendant to limit its retained expert testimony to that contained in Defendant's expert disclosures. The Court has seen no evidence suggesting Defendant's retained experts will state any facts that do not form the basis of their opinions or opine beyond the subjects clearly stated in their reports. The Court therefore declines to grant Plaintiffs' request.

It is therefore

ORDERED that Plaintiffs' Motions in Limine Nos. 10 and 17 (Docket Nos. 139 and 179) are GRANTED in part and DENIED in part.

DATED this 3rd day of February, 2017.

BY THE COURT:

_____

Ted Stewart
United States District Judge