IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M.,<br><br>Plaintiffs,<br><br>v.<br><br>ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>Case No. 1:14-CV-40 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion for Judgment as a Matter of Law. Plaintiffs moved for judgment as a matter law on Defendant's claims related to Bountiful City Light and Power ("BCLP") at the conclusion of Defendant's case-in-chief on February 21, 2017. The Court denied the Motion. This Order reflects the reasons for that denial.

Federal Rule of Civil Procedure 50(a)(1) provides:

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

1

Court may "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3] A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

In this matter, Plaintiffs have brought a negligence claim against Defendant. Defendant seeks to apportion fault to BCLP arguing that BCLP's negligence was the cause of the incident at issue. "The essential elements a party asserting negligence must prove are: (1) a duty of reasonable care owed . . . to plaintiff; (2) a breach of that duty; (3) the causation, both actually and proximately, of injury; and (4) the suffering of damages by the plaintiff."[5]

A. DUTY AND BREACH

Plaintiffs argue that Defendant did not meet its burden because it did not present any expert testimony regarding BCLP's duty. It is true that "testimony from relevant experts is generally required" when the standard of care is "usually not within the common knowledge of the lay juror."[6] However, this rule applies only when the applicable standard of care is not fixed by law.[7] Here, the Court has previously ruled that Utah law does fix the standard of care in

---

[2] *Id.*

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996) (quoting *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1180 (10th Cir. 1989)).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546–47 (10th Cir. 1996)).

[5] *Gregory v. Fourthwest Investments, Ltd.,* 754 P.2d 89, 91 (Utah Ct. App. 1988) (citation and internal quotation marks omitted).

[6] *Bowman v. Kalm,* 2008 UT 9, ¶ 7, 179 P.3d 754.

[7] *Callister v. Snowbird Corp.*, 2014 UT App 243, ¶ 12, 337 P.3d 1044.

regard to utility companies like BCLP.[8] Expert testimony was therefore not required to establish the standard of care owed to Plaintiffs by BCLP.

The Court has determined that utility companies like BCLP owe "the highest degree of care to prevent people to from coming into contact with high-voltage electricity."[9] Defendant has presented sufficient evidence from which the jury could infer that BCLP breached this high standard of care by failing to remove or adequately trim the subject tree when BCLP was at or near Mr. Lyle Henderson's property. Defendant presented testimony that BCLP has trimmed trees on the property multiple times. Three BCLP employees, Mr. Kent Gines, Mr. VerNaun Gines, and Mr. Layne Hartvigson, testified that they had been to Mr. Henderson's property to trim trees on one or more occasions. Mr. Brent Thomas, another BCLP employee, testified that the trees on Mr. Henderson's property caused lots of problems for BCLP. Ms. Mary Waters, a tenant of Mr. Henderson, further testified that BCLP regularly came to the property to fix power outages. In addition, a tree services document entered into evidence by Defendant shows that BCLP was working across the street trimming trees in June of 2008. In light of BCLP's heightened standard to the public, the jury could infer that BCLP breached its duty by not removing or properly trimming the subject tree at one of its visits to or around Mr. Henderson's property.

B. CAUSATION AND DAMAGES

Plaintiffs' electrical engineering expert, Dr. Scott Kimbrough, testified that the subject branch fell onto a power line, causing the line to melt, sever, and subsequently fall onto the

---

[8] *See* Docket No. 114, at 4–5.

[9] *Id.* (citing *Brigham v. Moon Lake Elec. Ass'n,* 470 P.2d 393, 395 (Utah 1970)).

swing set were J.S.M. was playing. Dr. Kimbrough further testified that the fallen wire severely shocked J.S.M. Plaintiffs' arborist expert, Mr. Jaak Gilmore, testified that if the subject tree had been removed or trimmed properly, the branch would not have grown out over the line, and thus would not have caused the incident at issue.

Plaintiffs' medical expert, Dr. Judith Gooch, M.D., testified that J.S.M.'s physical injuries were a result of his electrocution. Plaintiffs' neuropsychology expert, Dr. Sam Goldstein, as well as Dr. Gooch, testified that J.S.M.'s cognitive/psychological injuries were caused by his electrocution. Sufficient evidence has therefore been presented to show that BCLP's failure to remove or properly trim the tree could have caused J.S.M.'s injuries.

The parties have stipulated that J.S.M. has suffered $193,760.00 of damages related to past medical expenses resulting from his electrocution. It is therefore undisputed that J.S.M. has suffered some damages as a result of the injury. Defendant has therefore presented sufficient evidence that (1) BCLP owed Plaintiffs a duty, (2) that BCLP breached that duty, and that breach (3) caused (4) J.S.M. to suffer damages.

It is therefore

ORDERED that Plaintiffs' Motion for Judgment as a Matter of Law is DENIED.

DATED this 23rd day of February, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

4