IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT K. MARLAND and JENNIFER D. MARLAND, as conservators for the minor child, J.S.M., <br><br> Plaintiffs, <br><br> v. <br><br> ASPLUNDH TREE EXPERT CO., a Pennsylvania corporation, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT AND MOTION FOR APPROVAL OF SUPERSEDEAS BOND <br><br> Case No. 1:14-CV-40 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Stay Execution of Judgment

and Motion for Approval of Supersedeas Bond.  For the reasons discussed below, the Court will

grant Defendant's Motion.

## I. BACKGROUND

On February 21, 2017, following a ten day jury trial, the jury returned a verdict in favor

of Plaintiffs for the amount of $3,401,739.00. Plaintiffs filed a Bill of Costs on February 23,

2017, seeking compensation for certain court costs totaling $10,139.86. On March 7, 2017,

Defendant filed its Motion to Stay Execution of Judgment and Motion for Approval of

Supersedeas Bond ("Motion to Stay"), wherein Defendant states its intention to file certain

motions prior to the expiration of the twenty-eight day deadline.[1] Defendant also included a bond

secured by Defendant in the amount of $3,414,878.00.[2] This amount includes the full amount

---

[1] *See* Fed. R. Civ. P. 50(b).

[2] Docket No. 229 Ex. A.

awarded by the jury, the full amount requested in Plaintiffs' Bill of Costs, and an additional $3,000 to cover the costs of a potential appeal. Defendant requests that the Court approve this bond as appropriate "security" under Rule 62(b) and as an approved supersedeas bond under Rule 62(d) should Defendant decide to appeal the judgement.

Plaintiffs filed a response to Defendant's Motion to Stay on March 13, 2017. Plaintiffs do not object to the request to stay the judgment, but do object to the amount of the bond secured by Defendant. Plaintiffs argue the bond amount is not sufficient because it does not include pre-judgment interest (calculated by Plaintiffs to be $111,199.66) or post-judgment interest.

On March 22, 2017, Defendant timely filed its Renewed Motion for Judgment as a Matter of Law and Memorandum in Support or, in the Alternative, Motion for a New Trial or Remittitur.

## II. DISCUSSION

Federal Rule of Civil Procedure 62(b) allows a court to stay an execution of judgment if certain motions are pending, including motions for judgment as a matter of law and motions for a new trial. Rule 62(d) allows the court to stay the judgment pending appeal. However, "[t]he district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor."[3] Such security is ensured by a supersedeas bond filed by the appealing party.[4]

---

[3] *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996).

[4] Fed. R. Civ. P. 62(d); *see also Miami Int'l. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) ("[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution.").

"In most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay."[5] "District courts, however, have inherent discretionary authority in setting supersedeas bonds."[6] While "[a] full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable," a reduced bond may be sufficient if "the creditor's interest, due to unusual circumstances, would not be unduly endangered."[7] The movant bears the burden to show that the proposed bond amount is appropriate under the circumstances.[8]

As previously noted, Plaintiffs do not object to the stay itself, only to the "security" guaranteed by Defendant's bond. Specifically, Plaintiffs request that the stay be rejected until the bond includes an amount to cover both pre-judgment interest and post-judgment interest.

The Court finds that the amount included in Defendant's bond is sufficient to guarantee adequate security to Plaintiffs. Defendant has posted an amount largely inclusive of the entire judgment. The amount of post-judgment interest cannot yet be determined and the amount of

---

[5] *Farm Bureau Life Ins. Co. v. Am. Nat'l Ins. Co.*, No. 2:03 CV 646 TC, 2009 WL 961171, at *1 (D. Utah Apr. 8, 2009) (citing *Strong v. Laubach,* 443 F.3d 1297, 1299 (10th Cir. 2006); *Olcott v. Del. Flood Co.,* 76 F.3d 1538, 1559 (10th Cir. 1996); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2905 (2d ed. 1995)); *see also Miami Int'l. Realty*, 807 F.2d at 873 ("[A] full supersedeas bond should be the requirement in normal circumstances.").

[6] *Miami Int'l. Realty*, 807 F.2d at 873.

[7] *Id.* (quoting *Texaco, Inc., v. Pennzoil Co.*, 784 F.2d 1133, 1154–55 (2d Cir. 1986).

[8] *Id.* 873–74 ("[I]t is appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical and 'to propose a plan that will provide adequate (or as adequate as possible) security for the appellee.'") (citing *United States v. Kurtz*, 528 F. Supp. 1113, 1115 (D. Pa. 1981); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F. Supp. 501, 520–21 (E.D. Pa. 1973)).

pre-judgment interest is minimal in relation to the bond amount. Further, Plaintiffs have not argued that Defendant may be unable or unwilling to pay the full amount owing if Plaintiffs ultimately prevail and the Court has no reason to believe such is the case. The Court therefore approves Defendant's bond for purposes of both Rules 62(b) and 62(d) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Stay Execution of Judgment and Motion for Approval of Supersedeas Bond (Docket No. 229) is GRANTED and the bond in the amount of $3,414,878.00, attached to Defendant's Motion for Stay as Exhibit A is approved.

DATED this 23rd day of March, 2017.

BY THE COURT:

_____

Ted Stewart
United States District Judge